UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLIFTON V.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | CASE NO. 3:25-CV-5360-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

  Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of his applications for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his evaluation of Plaintiff's testimony about the severity of his symptoms. Had the ALJ properly considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations, or the ultimate determination of disability may have changed. The ALJ's error is, therefore, not harmless, and

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

## I. Factual and Procedural History

Plaintiff filed claims for DIB and SSI on July 29, 2022, alleging disability beginning on April 30, 2022. Dkt. 7, Administrative Record ("AR") 86, 96, 253–57, 259–64. His applications were denied at the initial level and on reconsideration. AR 86–127. He requested a hearing before an ALJ, which took place on April 2, 2024. AR 41–83, 148–49. Plaintiff was represented by counsel at the hearing. *See* AR 41. On April 22, 2024, the ALJ issued an unfavorable decision denying benefits. AR 15–35. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–7, 250–52. Plaintiff appealed to this Court. *See* Dkts. 1, 5.

In the final decision, the ALJ found Plaintiff had the severe impairments of heart disease, history of substance dependence, hypertension, anemia, anxiety disorder, depressive disorder, diabetes mellitus, and neuropathy. AR 20. Despite these impairments, the ALJ found Plaintiff had the RFC to perform:

> light work, as defined in 20 CFR 404.1567(b) and 416.967(b), that does not require standing or walking more than four hours total in a workday; that does not require climbing of ladders, ropes, or scaffolds; that does not require more than occasional crawling; that does not require more than frequent climbing of ramps or stairs; that does not require concentrated exposure to hazards or extreme cold; and that allows for a break after two hours of work.

AR 23.

## II. Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error

or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

### III. Discussion

Plaintiff contends the ALJ erred in evaluating Plaintiff's testimony about the severity of his symptoms, resulting in an erroneous RFC and conclusion that Plaintiff was not disabled. Dkt. 9 at 1. He contends the proper remedy for these errors is remand for further administrative proceedings. *Id.*

#### A. *Subjective Symptom Testimony Standard*

"An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison*, 759 F.3d at 1014. At the first step, the ALJ determines whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged. *Id.* This evidence need not validate the severity of the alleged symptoms; rather, "the

medical evidence need only establish that the impairment could reasonably be expected to cause some degree of the alleged symptoms." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021).

If the claimant satisfies this first step and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1112 (quoting *Garrison*, 759 F.3d at 1014–15). "This standard is 'the most demanding required in Social Security cases.'" *Id.* (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). To meet this standard, ALJs must "identify which testimony [they] found not credible and why." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

The Ninth Circuit has reaffirmed that the clear and convincing standard requires the ALJ to make "specific finding[s]:"

> [A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination. To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination.

*Smith*, 14 F.4th at 1112 (quoting *Brown-Hunter*, 806 F.3d at 489). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). As with all findings by the ALJ, the specific, clear, and convincing reasons also must be supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g).

B. *Plaintiff's Symptom Testimony*

Plaintiff alleged disability due to persistent heart failure, severe mitral valve regurgitation, type 2 diabetes, anxiety, depression, and neuropathy pain. AR 297, 318. He

completed a function report on July 26, 2022, and further testified about his symptoms at the hearing on April 2, 2024. AR 49–75, 286–93. His reported symptoms included fatigue, shortness of breath, muscle weakness, leg pain, impaired functioning in his right hand and left leg, anxiety, and depression. Plaintiff described his limitations impacting his ability to stand and walk, carry things, and perform daily tasks.

Plaintiff reported he had no energy and was always in pain. AR 290. He stated he had multiple physical limitations, could only lift about 10 pounds, and could only walk about 200 feet before his legs began to hurt and he needed to rest. AR 291. He described difficulty performing house or yard work because he could not stand for very long. AR 288.

He said his right leg and left hand did not function well after a sepsis infection caused nerve damage. AR 67. The pinky and ring fingers of his left hand remained bent and the functioning was limited, but the hand was not painful. AR 67–68. Plaintiff testified his right leg was painful, however, and he had two surgeries on his leg when he had the infection. AR 68. He stated he was prescribed gabapentin for his peripheral neuropathy pain. AR 60–61. The medication helped with the daily pain in his legs but did not take it away. *Id.*

Plaintiff's sitting and walking limitations allowed him to sit in a vehicle for no longer than about 45 minutes because it hurt his legs to sit in one position for very long. AR 56. He had stopped driving because was afraid his right leg would cramp while he was driving. *Id.* He said ARNP Stephanie Snyder at Pulse Heart had told him he was "not supposed to walk more than 200 feet without taking a break," at which point he started to lose his breath and experience pain in his legs. AR 57.

Plaintiff testified that since April 2022, he "cannot physically carry a gallon of milk" up the two steps into his apartment. AR 62, 73. He stated he might be able to carry something very

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

light up the stairs, but nothing else. AR 66–67. He used both hands to lift things when standing still. AR 67. Plaintiff stated he spent "at least 75% of the day" in a recliner with his feet up. AR 64. Plaintiff had gone to a cookout a couple of days before the hearing, which had required time in the car. AR 68–69. The activity made him very tired, and he rested for the remainder of that day and most of the following day, but stated his leg was still sore. *Id.*

Plaintiff experienced nerve itch episodes, usually at nighttime. AR 61–62. He stated his sleep was interrupted, and "due to nerve pain, nerve itch, and diarrhea, I'm up and down all night long." AR 72. He also stated that, for the preceding couple of months, he woke up four or five days per week "physically sick" and vomited for over half the day. AR 72–73. Plaintiff stated he had unexplained dizzy spells lasting from seconds to an hour and was not sure whether the dizziness and chronic diarrhea were side effects of his medications. AR 64–66.

Regarding his daily tasks, Plaintiff stated his girlfriend helped him with bathing and insulin shots, and that she did the driving, shopping, cooking, and cleaning. AR 65. He stated he tried to help with the cooking and cleaning as much as possible or help by watching the kids play at the park by their apartment. AR 58, 65. He said he became anxious when he had to leave the house and would "sit and rock" and "half the time I won't leave." AR 70. His girlfriend made appointments for him because his anxiety would spike when he had to make calls. AR 74. He stated he did not really socialize with anyone other than his girlfriend. AR 75. Plaintiff stated he had frequent mood swings and had been diagnosed with bipolar depression. AR 73–74.

The ALJ found Plaintiff's impairments "could reasonably be expected to cause "some of the alleged symptoms to some degree" but then found "[i]nconsistencies undermine the weight that can be given to the claimant's symptom reports." AR 24. Specifically, the ALJ found

Plaintiff's statements inconsistent with symptom improvement, missed appointments, and other medical evidence in the record. *See* AR 24–27.

### 1. Symptom Improvement

When discussing Plaintiff's reported symptoms of fatigue or dyspnea on exertion, the ALJ wrote "treatment records indicate that the claimant's symptoms improved with medication and weight gain." AR 24. "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

In support of this finding, the ALJ cited to records showing Plaintiff was hospitalized in April 2022 for acute heart failure with an ejection fraction of 25 to 27 percent. AR 24 (citing AR 432, 557). Plaintiff was started on Lasix and a cardiologist cleared him for discharge with a plan to follow up as an outpatient. AR 962. The ALJ then cited to an October 2022 follow-up visit at which "the treating provider noted improvement in symptoms with medication[.]" AR 24 (citing 1188–89). But the "improvement in symptoms" in this note appears to refer to the improvement Plaintiff experienced in the hospital when he was started on medication rather than any improvement after his discharge. AR 1188.

The ALJ then cited to a repeat echocardiogram in January 2023 that "showed improved ejection fraction of 32.8 percent." AR 24 (citing AR 1196). Although this is an improvement from the 25 to 27 percent value measured when Plaintiff was hospitalized, the medical provider concluded there was "[n]o significant change compared to prior study on 4/24/2022." AR 1196. Because the ALJ does not explain why an improvement that a medical provider found to be "no significant change" undermined Plaintiff's testimony about the severity of his symptoms, this is not a sufficiently clear and convincing reason to discount Plaintiff's testimony. *See Kelly v. Berryhill*, 732 F. App'x 558, 561 (9th Cir. 2018) (finding that the ALJ erred when he

"inappropriately substituted [his] layperson opinion for that of [the claimant's] treating physician without any support from other medical opinions in the record").

### 2. Missed Appointments

In the decision, the ALJ wrote, "2024 records indicate that the claimant did not attend multiple scheduled cardiology appointments." AR 25. Plaintiff contends this shows the ALJ rejected Plaintiff's statements because of failure to comply with treatment. Dkt. 9 at 5–6. Defendant disagrees with this interpretation, stating "[f]rom the context, . . . the Commissioner construes this reduction in treatment as further evidence of improvement." Dkt. 14 at 5. Both failure to comply with treatment and reduction in frequency of treatment can be valid reasons to discount a claimant's testimony. *See* Social Security Ruling[2] 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017) ("[I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, [the ALJ] may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record.").

The parties' disagreement over the basis on which the ALJ assessed the missed appointments shows the problem with the ALJ's finding. The ALJ failed to explain the significance he ascribed to Plaintiff's missed cardiology appointments. Without an explanation of the ALJ's reasoning, there is nothing for the Court to review. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's

---

[2] "Social Security Rulings do not carry the force of law, but they are binding on ALJs nonetheless." *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017) (quoting *Molina*, 674 F.3d at 1113 n.5) (cleaned up).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

ultimate findings."). Accordingly, the Court cannot conclude this reason for discounting Plaintiff's testimony about the severity of his symptoms is a clear and convincing reason supported by substantial evidence.

### 3. Inconsistencies with Medical Evidence

When a claimant has established a medical impairment reasonably likely to be the cause of alleged pain, an ALJ may not reject the claimant's testimony "solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." *Bunnell v. Sullivan*, 947 F.2d 341, 346–47 (9th Cir. 1991). "Although an ALJ may use '*inconsistent* objective medical evidence in the record to discount subjective symptom testimony,' the ALJ 'cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence fully corroborating every allegation within the subjective testimony.'" *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (quoting *Smartt*, 53 F.4th at 498). "[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Among the inconsistencies identified by the ALJ cited were two records from 2022—before the alleged date of disability onset but after the reported date of Plaintiff's status post sepsis—where Plaintiff reported he was "good at work with my hands." AR 25 (citing AR 587, 601). The first cited record is from a behavioral health progress note addressing Plaintiff's depression and anxiety at which he was asked to identify his strengths and replied, "I'm good with my hands, good at solving problems, I'm a helpful person." AR 587. The second citation is to a short note from a substance use rehabilitation visit that lists Plaintiff's strengths as, "I'm good at work with my hands." AR 601.

Without more explanation, these generic statements in a psychological treatment context do not clearly refute Plaintiff's claims of impaired functioning in one of his hands, which undermines the ALJ's conclusions on this point, especially in light of the ALJ's other erroneous findings and failure to provide any additional valid reasons for discounting Plaintiff's testimony. *See Curtis v. Berryhill*, 687 F. App'x 546, 547 (9th Cir. 2017) (remanding where the ALJ's conclusions were "premised on an inaccurate summary of the evidence"); *Bunnell*, 947 F.2d at 346–47. Accordingly, the Court cannot conclude this was a sufficiently clear and convincing reason, supported by sufficient evidence in the record, to discount Plaintiff's testimony about the severity of his symptoms.

IV.     **Harmless Error**

Because the ALJ did not provide sufficiently specific, clear, and convincing reasons for discounting Plaintiff's testimony about the severity of his symptoms, the ALJ erred. Defendant argues any error in assessing this testimony was harmless. Dkt. 14 at 9. But the vocational expert testified at the hearing that the identified positions would not be available to a person who was limited to only occasional use of one hand, who could not lift at least ten pounds, or who could not sit for six hours in a day. AR 81–82. Had the ALJ not discounted Plaintiff's testimony, Plaintiff's RFC may have included additional limitations, or the ultimate determination of disability may have changed. Accordingly, this error was not harmless, and remand is appropriate.

V.      **Conclusion**

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled beginning April 30, 2022. Accordingly, Defendant's decision to deny

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

1  benefits is reversed and this matter is remanded for further administrative proceedings in
2  accordance with the findings contained herein.
3        Dated this 17th day of October, 2025.

*[signature]*

David W. Christel
United States Magistrate Judge